UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LAWRENCE M. BICKEL, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:08-CV-102-TS |
| SHERIFF OF WHITLEY COUNTY (in his official capacity), | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Strike Affidavits of Judge Heuer, Judge Rush, and Prosecutor Matt Rentshler [DE 69], filed on September 18, 2009.

**A.     Background**

The Plaintiff, Lawrence M. Bickel, on behalf of himself and others similarly situated, has sued the Sheriff of Whitely County in his official capacity pursuant to 42 U.S.C. § 1983. The Plaintiff alleges that the Sheriff engaged in a practice, procedure, or custom of taking persons arrested without a warrant to a judge for a probable cause determination only once per week, and that this caused the Plaintiff and others to suffer a violation of the Fourth Amendment when they were unreasonably delayed in obtaining a probable cause determination. The Plaintiff's lawsuit is based on the Supreme Court's decision in *Gerstein v Pugh*, 420 U.S. 103, 114 (1975) (holding that the Fourth Amendment affords persons who are arrested without a warrant the right to a prompt judicial determination of probable cause "as a prerequisite to extended restraint of liberty following arrest"), and *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (holding that

a "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest, will, as a general matter, comply with the promptness requirement of *Gerstein*"). The Plaintiff has moved for partial summary judgment, arguing that the Court can determine as a matter of law that the Defendant's policy violates the Fourth Amendment and that the issue of damages is the only issue that remains for trial.

The facts in this case are largely undisputed, as the Defendant does not deny that detainees are only brought to court once per week, regardless of when they were arrested. However, the Defendant lodges several arguments in response to the Plaintiff's Motion for Partial Summary Judgment and in support of his own Motion for Summary Judgment, including that the policy that the Plaintiff challenges as unconstitutional is not the policy of the Defendant, but of the Whitley County judges and prosecutor, and that the Sheriff had no authority to disregard these policies. In support of his claim that he was following judicial orders, the Defendant submits the affidavits of Whitley County Judges Heuer and Rush, and Whitley County Prosecutor Matt Rentshler. The affidavits set forth the procedures that were instituted by the judges with regard to setting bail, holding initial hearings, and allowing release of detainees.

The Plaintiff argues that the affidavits should be stricken as conclusory, unsupported by relevant facts, and containing inaccurate representations of the law. He does not appear to dispute that the Sheriff followed these policies, but maintains that the affidavits conflict with well-established Supreme Court precedent regarding the timing of determinations of probable cause. The Defendant filed a Response in Opposition [DE 75] to the Motion to Strike, and the Plaintiff filed a Reply [DE 77].

**B.     Analysis**

The Court finds that the Plaintiff has not stated a proper basis to strike the affidavits because he merely opposes them "for their intended legal effect." (Pl.'s Reply 1, DE 77; *see also* Pl.'s Mot to Strike 2, DE 69 (arguing that "to the extent that each of the three Affidavits imply that the Judges or the Prosecutor have the unlawful authority to direct the Sheriff to hold a pre-trial, pre-arraignment detainee more than forty eight hours in jail, the Affidavits must be stricken as irrelevant, conclusory and unsupported by fact or law").) That the Defendant's briefing presents certain conclusions, formed using the facts asserted in the affidavits, does not provide a basis to strike an affidavit that is otherwise based on personal knowledge, contains specific facts, and presents evidence that would be admissible at trial.

The affidavits present facts regarding the procedures that the affiants put in place to deal with detainees and their release, and also pertain to the respective authority of the Whitley County judges and the Whitley County Sheriff on the particular matter of releasing pre-trial, pre-arraignment arrestees. The implications and legal conclusions to be derived from these facts (which are *not* a part of the affidavits) are open to interpretation and argument through advocacy in the parties' briefs. Whether the officials in Whitley County, and more particularly the Sheriff, were correct in their understanding of this authority is a matter that exceeds the scope of an affidavit, and the Court does not read the affidavit to purport to address this legal conclusion. If the Court determines that an implication or legal conclusion is not supported by either the facts or sound legal precedent, it is that implication or conclusion that will be discounted, not the underlying facts, which do not appear to be in dispute.

Additionally, if the Court determines that any portions of the affidavits are not based on

personal knowledge, do not contain specific facts to support a conclusion, or present evidence that would not be admissible at trial, the Court will address those deficiencies in an Opinion and Order ruling on the cross motions for summary judgment.

For the foregoing reasons, the Plaintiff's Motion to Strike [DE 69] is DENIED.

SO ORDERED on November 6, 2009.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT