UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LAWRENCE M. BICKEL, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:08-CV-102-TS |
| SHERIFF OF WHITLEY COUNTY (in his official capacity), | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, Lawrence M. Bickel, on behalf of himself and others similarly situated, has sued the Sheriff of Whitley County in his official capacity pursuant to 42 U.S.C. § 1983. Citing *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), the Plaintiff alleges that the Sheriff's practice of detaining persons who have been arrested without a warrant until the one and only day of the week that the courts in Whitley County conduct initial criminal proceedings violated the Fourth Amendment rights of the Plaintiff and others to a prompt judicial determination of probable cause. The Plaintiff has filed a Motion for Determination of Maintenance of Claim as a Class Action [DE 46], and a Motion to Establish a Sub-Class Pursuant to Rule 23(b)(2) for Injunctive Relief and Corresponding Declaratory Relief [DE 61]. The Defendant opposes maintenance of the Plaintiff's lawsuit as a class action.

**BACKGROUND**

On Thursday, March 30, 2006, the Plaintiff was arrested without a warrant and detained

at the Whitley County Jail over the weekend until Monday, April 3, 2006. At no time during his detention was there a judicial determination that probable cause existed to continue to detain him. In his Complaint, filed on March 27, 2008, the Plaintiff alleged that the length of his detention violated his Fourth Amendment rights, and that the violation was a result of either the Defendant's policy of detaining arrestees until Monday, regardless of the day they are arrested, or his failure to have a policy to ensure that detainees are not incarcerated longer than forty-eight hours before a determination of probable cause.

There is no dispute that the Plaintiff was held in Whitley County Jail from March 30 to April 3 without a judicial determination of probable cause, and that the Sheriff was aware that the Plaintiff's first court appearance was scheduled for the Monday following his arrest. Further, there is no dispute that Monday is the only day of the week that the courts in Whitley County conduct initial criminal proceedings. Despite this, the Defendant asserts that he has not violated the Fourth Amendment because every inmate has the opportunity to post bond within forty-eight hours, and because it would be futile to bring detainees to court at a time when no hearings are scheduled. The Defendant argues that because he cannot schedule court appearances and was simply following the orders of the state courts, it was not the Sheriff's Department's policy that caused any deprivation of rights that may have occurred.

## DISCUSSION

### A. Requirements for Class Certification

Federal Rule of Civil Procedure 23 governs the certification of class actions in federal court. It allows a member of a class to sue as a representative party on behalf of all the class

2

members if:

>   (1) the class is so numerous that joinder of all members is impracticable;
>   (2) there are questions of law or fact common to the class;
>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>   (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If all of these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied:

>   (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>   >   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>   >
>   >   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
>   (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
>   (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>   >   (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>   >
>   >   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>   >
>   >   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

     (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b). The party seeking class certification assumes the burden of demonstrating that it is appropriate, *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984), and "[f]ailure to meet any of the Rule's requirements precludes class certification," *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). The Court has "'broad discretion to determine whether certification of a class-action lawsuit is appropriate.'" *Id.*, 546 F.3d at 794 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001)).

  The Plaintiff seeks to include in this action all persons who were arrested without a warrant from March 30, 2006, to present, and detained in the Whitley County Jail for more than forty-eight hours without being taken before a magistrate or judge for a determination that probable cause existed to continue to detain them. The Plaintiff asserts that he has satisfied Rule 23(a)(1)–(4) and either Rule 23(b)(1), (2), (3), or all of those subsections. Of the four criteria enumerated in Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—the Defendant only challenges the Plaintiff's ability to satisfy numerosity. (Def.'s Mem. 2–4, DE 56.) Additionally, although the Defendant acknowledges that the Plaintiff has sought certification under all three subsections of Rule 23(b), it only addresses subsection (b)(2) in its Memorandum of Law. As alternative relief, the Defendant requests that the Court stay its determination until after it has ruled on the parties pending motions for summary judgment.

  After moving for class certification, the Plaintiff filed a second motion, requesting that the Court allow a sub-class of litigants comprised of "inmates who presently, or hereafter, are arrested without a warrant and placed in the Whitley County Jail and who are not permitted to be brought before a judge or magistrate for a prompt judicial probable cause hearing and who are

not released if not brought before a judge or magistrate within 48 hours." (Pl.'s Mot. to Establish a Sub-Class 1, DE 61.) The Plaintiff submits that, although potential class members who are not presently incarcerated may not seek injunctive or declaratory relief, members of this sub-class will benefit from injunctive and corresponding declaratory relief bringing about a change in the Sheriff's policy.

**B.     Timing of District Court's Determination of Class Action**

"At an early practicable time after a person sues . . . , the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A); *see also Arreola*, 546 F.3d at 800 ("Rule 23 does not create a form of one-way intervention under which class issues need not be reached unless or until the plaintiff has won or almost won."). "[A]n evaluation of the probable outcome on the merits is not properly part of the certification decision." Fed. R. Civ. P. 23(c), Advisory Notes to 2003 Amendments.

Based on the foregoing, and because the nature of the claims and issues presented by the Plaintiff's suit are sufficiently defined to be able to conduct a Rule 23 analysis, the Court will deny the Defendant's request to stay determination of the class certification decision until after it has ruled on the parties' cross motions for summary judgment. The Court will first address the Plaintiff's request for certification of the class of litigants seeking damages and then consider the sub-class of litigants who would be eligible to obtain injunctive relief upon a finding of liability.

### C. Damages Class

#### 1. *Numerosity*

The Plaintiff's counsel reviewed records received from the Defendant and from the Whitley County Clerk to determine how many individuals met the criteria of having been (1) arrested without a warrant from March 30, 2006, to December 31, 2008; and (2) detained in the Whitley County Jail for more than forty-eight hours before their scheduled initial hearing or release. The Plaintiff maintains that, through January 2009, the number of arrestees in the class is 226. The Plaintiff does not have records from January 2009 to the present so as to be able to identify other potential class members, but acknowledges that the number of affected arrestees appeared to drop off drastically since January 2009. The Plaintiff provided a summary of the documents he analyzed, which contains each arrestee's name, booking and/or arrest date, release date, scheduled arraignment date, and number of days detained until arraignment or release. (Summary, DE 45-8.) The Plaintiff anticipates that the final number of arrestees will be between 226 and 250. The Defendant argues that the Plaintiff's number is speculative.

The Defendant is correct that "the party supporting the class cannot rely on 'mere speculation' or 'conclusory allegations' as to the size of the putative class to prove that joinder is impractical for numerosity purposes." *Arreola*, 546 F.3d at 797 (citing *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990)). However, the Defendant does not elaborate as to what makes the Defendant's numbers speculative. The Plaintiff has provided the names of 226 class members based on his review of official records from the jail and chronological case summaries from the clerk of the court. Even without persons arrested in 2009, the number is sufficiently large to warrant class certification.

The Defendant argues that it would not be impracticable for the Plaintiff's counsel to contact the 226 individuals he has identified to inquiry whether they are interested in joining the Plaintiff's lawsuit and that, because he has not done so, he "cannot contend it is impracticable for him to join others to the action" because he may find "that only a small number are interested in joining as plaintiffs in this matter." (Def.'s Mem. 3–4.) The Court disagrees with the Defendant's position that it would not be impracticable to contact more than 200 individuals to explain the lawsuit and make an inquiry regarding their interest. The Defendant points to no authority that requires a plaintiff to first see if he can dwindle the potential class down to a number that could be reasonably joined. The Court finds that class size, in addition to the fact that individual claims may be so small as to inhibit class members from pursuing their own claims, renders joinder impracticable. Thus, it appears that the Plaintiff has satisfied the numerosity requirement.

**2.**     *Commonality*

Subsection (a)(2) requires the presence of "questions of law or fact common to the class." Fed. R. Civ. P. 32(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). The constitutionality of the Defendant's policy regarding when to transport detainees who are arrested without a warrant from the jail to court for a hearing before a judicial officer (or to release them from custody) is common to all potential class members. All of the class members will have suffered their alleged injuries based on the Defendant's standard conduct. *See, e.g., Keele*, 149 F.3d at 594 (holding that common nuclei of fact are typically manifest where the defendant has engaged in

7

standardized conduct toward members of the proposed class). Rule 23(a)(3) does not require all class members to have suffered the same injury as the named class representative. Instead, it is the defendant's conduct, and the plaintiff's legal theory, that is relevant. *Rosario*, 963 F.2d at 1018. Accordingly, the Plaintiff has satisfied the element of commonality.

**3.     *Typicality***

Under Rule 23's typicality requirement, the issue is whether "the named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). The question whether claims are typical of those of the class members he represents is closely related to the commonality inquiry. *Keele*, 149 F.3d at 595. The Seventh Circuit has summarized the typicality analysis as follows:

> A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory. Even though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large.

*Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (quotation marks and citations omitted). The Plaintiff has alleged claims that arise from the same practice of the Whitley County Sheriff as apply to his own claim—continuing to detain arrestees until they are brought to court on Monday regardless of when they were arrested. All of the claims are based on the same legal theory that the Sheriff's conduct violates the Fourth Amendment right of persons who are arrested without a warrant to have a prompt judicial determination of probable cause "as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. at 114. The defenses raised by the Defendant (as evidenced in their summary judgment briefing) do not

rely on the Plaintiff's or any other detainee's specific situation and do not vary greatly from one member to another. Each class member will have suffered the same constitutional harm from the same source, and thus their claims would be based on the same legal theories. There is nothing in the record to suggest that the Plaintiff's detention at the Whitley County Jail was atypical, and thus he satisfies section (a)(3).

**4.** *Adequacy of Representation*

Subsection (a)(4) requires that a class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To be an adequate representative, a plaintiff must have a sufficient stake in the outcome of the case to ensure zealous advocacy and must not have antagonistic or conflicting claims with other class members. *See Rosario*, 963 F.2d at 1018 ("A class is not fairly and adequately represented if class members have antagonistic or conflicting claims."); *Puffer v. Allstate Ins. Co.*, 255 F.R.D. 450, 469 (N.D. Ill. 2009).

The Complaint shows that the Plaintiff was subject to the same standard conduct as the class that he seeks to certify. The Defendant has not shown that the Plaintiff does not have a sufficient stake in the outcome, or that his claims would be antagonistic to or in conflict with the claims of other class members seeking damages for being detained in violation of the Fourth Amendment. The Court also notes that the Plaintiff and his counsel have been diligent in pursuing this litigation, and that there is no reason to doubt that the Plaintiff will continue to prosecute this case. The Plaintiff has satisfied the requirement that he be an adequate representative for a putative class seeking damages for unconstitutional detentions in the Whitley County Jail that resulted from a confinement policy of the Sheriff.

The Plaintiff's Brief in Support of Class Action references the affidavit of attorney Christopher Myers, which details his experience in civil rights actions and in class actions lawsuits, and of the Plaintiff, which describes his involvement in the case. (Pl.'s Br. 6.) (The affidavits to which the Brief refers are actually attached to the Plaintiff's Brief in Support of Plaintiff's Motion for Partial Summary Judgment. *See* DE 45-1, 45-10.) The affidavit of attorney Myers is most likely a response to case law indicating that subsection (a)(4), in addition to addressing whether the plaintiff is an adequate representative, requires that counsel for the named plaintiff be experienced, qualified, and generally able to conduct the litigation. *See, e.g., Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993); *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (discussing qualifications of the plaintiff's counsel). However, the 2003 Amendments to Rule 23 added a new subdivision to the Rule, subdivision (g), to respond "to the reality that the selection and activity of class counsel are often critically important to the successful handling of a class action." Fed. R. Civ. P. 23(g), Advisory Notes, 2003 Amendments. The Advisory Notes provide that while "Rule 23(a)(4) will continue to call for scrutiny of the proposed class representative," new subdivision (g) "will guide the court in assessing proposed class counsel as part of the certification decision." *Id.* (noting that the new subdivision "recognizes the importance of class counsel, states the obligation to represent the interests of the class, and provides a framework for selection of class counsel"). In accordance with the amendments to Rule 23, the Court will make a separate inquiry regarding the appointment of class counsel. *See infra*, § D.

5.  *Rule 23(b)*

If the Rule 23(a) requirements are met, a court must then assess whether a class action is appropriate and prudent under at least one of the provisions of Rule 23(b).

a.  *Rule 23(b)(1)(A)*

The Plaintiff argues that certification under Rule 23(b)(1)(A) is appropriate because prosecuting separate claims would create a risk of inconsistent or varying adjudication that would establish incompatible standards of conduct for the Whitley County Sheriff who opposes the class. As an example, the Plaintiff argues that judges assigned to separate lawsuits could give different interpretations of *Gerstein* and *McLaughlin* and potentially reach varying results. However, for purposes of certification under Rule 23(b)(1)(A), a plaintiff must demonstrate that potential rulings are inconsistent by placing "the party opposing the class in a position of being unable to comply with one judgment without violating the terms of another judgment." 5 *Moore's Federal Practice* § 23.41[3][a]. The Plaintiff and the class he seeks to represent are not seeking any form of injunctive or declaratory relief. Even if the Defendant is required to pay damages to some class members but not to others because of factual differences or different rulings regarding liability, this does not satisfy the incompatible standards element. *See In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300, 305 (6th Cir. 1984) (explaining that "[t]he fact that some plaintiffs may be successful in their suits against a defendant while others may not is clearly not a ground for invoking Rule 23(b)(1)(A)"); *see also Zimmerman v. Bell*, 800 F.2d 386, 389 (4th Cir. 1986) ("The danger of imposing 'incompatible standards of conduct' on the party opposing the class is . . . not normally posed by a request for money damages."). In other words,

different results would not trap the Sheriff in the "inescapable legal quagmire" of not being able to comply with one judgment without violating the terms of another. *Vulcan Golf, LLC v. Google, Inc.,* 254 F.R.D. 521, 537 (N.D. Ill. 2008) (quoting *Walker v. Houston*, 341 F. Supp. 1124, 1131 (S.D. Tex. 1971)).

b.      *Rule 23(b)(2)*

The Plaintiff cannot obtain certification under Rule 23(b)(2) because he, and other potential class members, are seeking money damages. Nonequitable monetary relief may be obtained in a class action certified under subsection (b)(2) only if the predominant relief sought is injunctive or declaratory. *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, AFL-CIO*, 216 F.3d 577, 580–81 (7th Cir. 2000); *O'Brien v. Encotech Constr. Servs., Inc.*, 203 F.R.D. 346, 351 (N.D. Ill. 2001) (noting that class certification under Rule 23(b)(2) is generally not appropriate when a party is seeking primarily monetary relief); Fed. R. Civ. P. 23(b)(2), Advisory Notes to 1966 Amendments ("The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages."). The predominate relief sought in the Plaintiff's lawsuit is not injunctive. Indeed, because he is not presently incarcerated (and indeed was not at the time he filed his suit), he has no claim for injunctive or declaratory relief. Therefore, certification under subdivision (b)(2) is not appropriate.

c.      *Rule 23(b)(3)*

Rule 23(b)(3) applies to most classes seeking monetary relief. The two overarching

requirements are that common issues predominate and that a class action is the superior method for resolving the controversy. Fed. R. Civ. P. 23(b)(3). The Supreme Court has explained that the "predominance" and "superiority" requirements of Rule 23(b)(3) serve to limit class certification to cases where "'a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted). Moreover, Rule 23(b)(3) was designed "to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action . . . by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. This inquiry "trains on the legal or factual questions that qualify each class member's case as a genuine controversy." *Id.* The predominance analysis "call[s] for caution when individual stakes are high and disparities among class members [are] great." *Id.* at 625. Here, the Defendant's potential liability is a common question that can be decided for all proposed class members, even if the extent of any damages among them varies. Both the Plaintiff and the Defendant have moved for summary judgment. The operative facts set forth in those motions would be common to all members of the proposed class. The class members would be individuals arrested without a warrant, detained at the Whitley County Jail, and detained for more than forty-eight hours before a judicial officer made a determination of probable cause or they were released without such a

determination. The disparities among potential class members is not great. The Plaintiff's Summary [DE 45-8], which provides the names of persons arrested without a warrant from March 2006 through January 2009 and the dates of their detention, shows that the length of arrestees' detentions generally lasted from three to seven days. The longest detention was fifteen days. The only defenses raised by the Defendant to the Plaintiff's claim are those that would be common to all class members. Those defenses are that the Sheriff's actions were dictated by the policy of the county courts, and that the Sheriff had no authority to schedule hearings or otherwise contravene the court's orders by releasing detainees who could not post bail. Thus, any possible defense based on individual circumstances and extraordinary circumstances that justify a detention beyond forty-eight hours does not predominate. A significant legal issue is common to all class members: whether a practice or policy of the Sheriff's Department causes a deprivation of rights guaranteed under the Fourth Amendment. The resolution of the cross motions will either end the case or set the stage for proceeding to determine and award remedies. "Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damages issues." *In re Visa Check/Mastermoney Antitrust Litigation*, 280 F.3d 124, 139 (2d Cir. 2001); *Williams v. Rizza Chevrolet-Geo, Inc.*, 2000 WL 263731, at *3 (N.D. Ill. Mar. 6, 2000) ("[T]he possibility of individualized damage inquiries does not defeat class certification even if individual hearings ultimately may be required."); *Gary v. Sheahan*, 1999 WL 281347, at *2 (N.D. Ill. Mar. 31, 1999) ("[I]t is common for Rule 23(b)(3) class actions to involve different levels of injury and damages for different class members; however, that does not mean that certifying a class under Rule 23(b)(3) is incorrect."). In fact, "a class will often include persons who have not been injured by the defendant's conduct" but

"[s]uch a possibility or indeed inevitability does not preclude class certification." *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009). The Advisory Notes to the 1966 Amendments to Rule 23(b)(3) provide the following example regarding predominance:

> [A] fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class. On the other hand, although having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed.

Fed. R. Civ. P. 23(b)(3), Advisory Notes to the 1966 Amendments. The present case is like the first example in the Note. The significant and common issue of whether the Sheriff's policy violates the constitution outweighs individualized damages issues, and the predominance requirement of Rule 23(b)(3) has been met.

Under the superiority requirement, a class action should proceed under Rule 23(b)(3) only if it is superior to other methods for adjudicating the claims of the members of the proposed class. Considerations relevant to the superiority of the class action device include: "(A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the likely difficulties to be encountered in managing a class action." Fed. R. Civ. P. 23(b)(3). "Commonly referred to as 'manageability,' this consideration encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 164 (1974).

Neither party has suggested that a federal court in Fort Wayne, Indiana, cannot manage a

15

class of persons who were arrested without a warrant in Whitley County, Indiana, between March 2006 and the present. The Court can devise solutions to address problems presented by varying amounts of damages among class members. *See Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("Rule 23 allows district courts to devise imaginative solutions to problems created by the presence in a class action litigation of individual damages issues."). Additionally, the costs of initiating and prosecuting individual lawsuits, which is the alternative method of resolution, would likely dwarf the potential recoveries. This would be uneconomical and inefficient for the potential class members and an unnecessary waste of judicial resources. Nothing in the record before the Court suggests that class members who were detained beyond forty-eight hours would have additional claims under any statute or law such that they would have an interest in individually controlling the prosecution of their own separate action. A class action is a superior means of resolving this lawsuit.

### D.     Appointment of Class Counsel

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B) & 23(g). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(4). In appointing class counsel, the court must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the

16

class." Fed. R. Civ. P. 23(1)(B). Additionally, because attorney's fee awards are an important feature of class action practice, and attention to this subject at the outset of certification is often a productive technique, subsection (2)(C) authorizes a court to direct potential class counsel to "provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs."

The Plaintiff's Motion for class certification does not adequately address the factors the Court must consider for the appointment of counsel, and counsel has not submitted a separate application seeking appointment as class counsel. Accordingly, the Court cannot rule regarding the selection of class counsel, which is a necessary component of class certification. The Court finds that the most efficient course of proceeding is to withhold ruling on the Plaintiff's Motion for Determination of Maintenance of Claim as Class Action and to grant leave to the Plaintiff to supplement the materials with appropriate submissions. Because the Court has already found that the Plaintiff satisfies the requirements of numerosity, commonality, typicality, and adequacy (Rule 23(a)(1)–(4)), that questions of law and fact common to the putative class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for adjudicating the controversy (Rule 23(b)(3)), those issues need not be further addressed.[1] Additional materials are required before the Court can appoint class counsel under Rule 23(c)(1)(B) and 23(g). Because this is a critical component to the successful handling of a class action, no class will be certified until after such time as qualified

---

[1] The Court anticipates that the class would be defined as "all individuals who, upon being arrested without a warrant, were detained in the Whitley County Jail for more than forty-eight hours before being released or having a judicial officer determine whether probable cause existed for his or her arrest, any time between March 30, 2006, and the present."

class counsel applies to represent the class and is appointed.[2] Any application must address the factors listed in subdivision (g)(1)(A) and be accompanied by proposed terms for attorney's fees and nontaxable costs.

E.  **Sub-Class for Injunctive Relief and Corresponding Declaratory Relief**

In his Motion for Determination of Maintenance of Claim as Class Action, the Plaintiff sought certification under Rule 23(b)(2), and noted the "inherently transitory" nature of his claim for equitable relief, which he noted was moot. In his subsequently-filed Motion to Establish Sub-Class Pursuant to Rule 23(b)(2), the Plaintiff explained that he was seeking to represent a separate class, or sub-class, of persons who were entitled to injunctive relief because they were still detained.

The Court need not address each of the elements of Rule 32 because *Arreola v.Godinez* counsels against allowing the Plaintiff to serve as the class representative for a sub-class or persons seeking an injunction against the Sheriff. Similar to the plaintiff in *Arreola*, the Plaintiff here has a concrete claim for damages, but because he filed his lawsuit when he was no longer in jail "his interest in prospective relief is too tenuous (and was too tenuous even when he first filed this lawsuit) to permit an award of injunctive relief on his individual claims." 546 F.3d at 799 (noting that the plaintiff was no longer at the jail when he filed his lawsuit and that the likelihood that he would return and suffer the same purported deprivation of rights was too speculative to support a right to an injunction on his part). When the Plaintiff filed his lawsuit, it had been

---

[2] The Court's ruling is not intended to communicate any view regarding whether the Plaintiff's counsel can satisfy the requirements to be appointed as class counsel. The Court simply has insufficient information before it to make any such determination.

nearly two years since his detention, and he did not seek class certification while he was still subject to the conditions that formed the basis of his request for injunctive relief. Thus, his claim for injunctive relief did not simply become moot at some point before the Court could rule on the issue of class certification, which would have raised the question whether the Plaintiff could still represent a class of pretrial detainees seeking equitable relief because of the inherently transitory nature of such claims. *Cf. Olson v. Brown*, — F.3d —, 2010 WL 375677, at *2–4 (7th Cir. Feb. 4, 2010) (holding that claim of pre-trial detainee is not moot for purposes of certifying class action if it meets the elements of the exception for inherently transitory claims). Rather, at no time during the pendency of this lawsuit would the Plaintiff have been entitled to injunctive relief. Accordingly, the Plaintiff's Motion to Establish a Sub-Class Pursuant to Rule 23(b)(2) for Injunctive Relief and Corresponding Declaratory Relief [DE 61] will be denied.

## CONCLUSION AND ORDER

The Plaintiff has satisfied the requisite elements of Rule 23(a)(1)–(4) and Rule 23(b)(3). However, because more information is needed before the Court can appoint class counsel, the Court WITHHOLDS RULING on his Motion for Determination of Maintenance of Claim as Class Action [DE 46]. The Plaintiff may, **by March 26, 2010**, supplement his filings in support of class certification in accordance with this Opinion and Order. If the Plaintiff files supplemental materials, the Defendant's response, if any, is due twenty days after the supplemental submissions are filed with the Court. Because the Plaintiff has failed to establish that he would be an adequate representative for a class seeking injunctive relief, his Motion to Establish Sub-Class Pursuant to Rule 23(b)(2) for Injunctive Relief and Corresponding

Declaratory Relief [DE 61] is DENIED.

SO ORDERED on March 5, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION