# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

LAWRENCE M. BICKEL,          )
                                  )
          Plaintiff,       )
                                  )
v.                               )     Case No. 1:08-CV-102
                                  )
WHITLEY COUNTY SHERIFF,    )
                                  )
          Defendant.     )

## REPORT and RECOMMENDATION

Before the Court in this class action is a Motion for Approval of Notice to Class Members, Claim Form, and Request for Payment of Notice of Defendant (Docket # 102) filed by Plaintiff Lawrence Bickel, seeking the Court's approval of the form of class notice and claim form and requesting that the costs of such notice be shifted to Defendant Whitley County Sheriff. While Defendant does not oppose Plaintiff's proposed form of notice or claim form, he does challenge Plaintiff's request that he be ordered to pay the costs of such notice. (Docket # 103.)

Pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1, this matter is before the undersigned Magistrate Judge for the issuance of a Report and Recommendation on the Motion. Having reviewed the record and the parties' briefs on the matter (Docket # 102, 103, 104), the undersigned Magistrate Judge recommends that the notice costs be shifted to Defendant and accordingly, that Plaintiff's motion be GRANTED. This Report and Recommendation is based on the following facts and principles of law.

### A.  Factual and Procedural Background

On March 27, 2008, Plaintiff, on behalf of himself and others similarly situated, filed this

suit against Defendant in his official capacity pursuant to 42 U.S.C. § 1983, alleging that Defendant engaged in a practice, procedure, or custom related to confinement at the Whitley County Jail that deprived him and others of their Fourth Amendment right to a probable cause determination within forty-eight hours of being arrested and detained without a warrant. (Docket # 1, 2.)

On March 26, 2010, the District Court granted Plaintiff's motion for partial summary judgment, determining as a matter of law that Defendant's confinement policy violates the Fourth Amendment. (Docket # 91.) On April 16, 2010, the District Court certified the proposed class, finding that Plaintiff had satisfied the requisite elements of Federal Rule of Civil Procedure 23(a)(1) to (4) and (b)(3). (Docket # 94.)

On November 4, 2010, Plaintiff filed the instant motion, seeking the Court's approval of the form of class notice and claim form and requesting that the $3,500 in costs of the notice be shifted to Defendant since the Court has granted partial summary judgment in Plaintiff's favor. (Docket # 102.) Defendant opposes the request that he be ordered to pay for the costs of such notice. (Docket # 103.)

### B. Applicable Law

"The usual rule is that a plaintiff must initially bear the cost of notice to the class." *Hunt v. Imperial Merch. Servs., Inc*., 560 F.3d 1137, 1143 (9th Cir. 2009) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)). "However, occasionally, 'the district court has some discretion' in allocating the cost of complying with an order concerning class notification." *Id*. (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978)). In that vein, "many district courts have placed notice costs on the class action defendant once the defendant's liability

has been established." *Id.* (collecting cases).

Thus, "a district court in an appropriate case may award interim costs to a plaintiff by shifting class notice costs to a defendant even if the defendant might later be entitled to recover those costs." *Id.* Nonetheless, "courts must not stray too far from the principle underlying [*Eisen*] that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." *Id.* (quoting *Oppenheimer Fund*, 437 U.S. at 359).

### C. Discussion

Here, Plaintiff requests that the Court order Defendant to bear all costs of the notice, an amount estimated at $3,500, because Plaintiff has won on the merits given the District Court's ruling on summary judgment and there is a "near impossibility of Defendant prevailing on any appeal". (Pl.'s Mot. for Approval of Notice ¶ 7.)

Indeed, as stated earlier, "many district courts have placed notice costs on the class action defendant once the defendant's liability has been established." *Hunt*, 560 F.3d at 1143 (finding that the district court did not abuse its discretion in shifting notice costs to defendant once defendant was found liable on the merits); *see also Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 58 (D. Conn. 2001) (ordering defendants to bear the notice costs since liability was already determined and observing that "a number of courts have held that where notice is to occur *after* liability has been determined, the defendant appropriately bears the cost"); *Hartman v. Wick*, 678 F. Supp. 312, 329 (D.D.C. 1988) (ordering defendants to pay notice costs where liability of defendants was already established); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 641 F. Supp. 259, 264 (D. Ariz. 1986) (same); *Catlett v. Missouri Hwy. & Transp. Comm'n*, 589 F.

Supp. 949, 952 (D. Mo. 1984) (same); *Meadows v. Ford Motor Co.*, 62 F.R.D. 98, 102 (W.D. Ky. 1973) (same); 3 WILLIAM B. RUBENSTEIN, ET AL., 3 NEWBERG ON CLASS ACTIONS § 8.6 (4th ed. 2007) ("[I]nterim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure.").

Here, the District Court found Defendant liable based on two United States Supreme Court cases, *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) (holding that the Fourth Amendment affords persons who are arrested without a warrant the right to a prompt judicial determination of probable cause "as a prerequisite to extended restraint of liberty following arrest"), and *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (holding that a "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest, will, as a general matter, comply with the promptness requirement of *Gerstein*"). In light of these two cases, the likelihood of success of any appeal by Defendant indeed faces a steep uphill climb.

In any event, the fact that Defendant may appeal the summary judgment ruling does not preclude the shifting of fees to Defendant in this instance, because as the Ninth Circuit Court of Appeals recently observed in *Hunt*, there is "no reason to suspend a district court's authority to shift notice costs based on a liability determination until after the time period for an appeal on liability has expired." 560 F.3d at 1143. As stated earlier, "[a] district court in an appropriate case may award interim costs to a plaintiff by shifting class notice costs to a defendant even if the defendant might later be entitled to recover those costs." *Id*. at 1144.

In short, because Defendant's liability has been established on the merits, the undersigned Magistrate Judge concludes that Plaintiff's request to shift the costs of the class action notice to

4

Defendant may be GRANTED.

### D. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Approval of Notice to Class Members, Claim Form, and Request for Payment of Notice of Defendant (Docket # 102) be GRANTED.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Entered this 27th day of December, 2010.

/S/ Roger B. Cosbey           
Roger B. Cosbey,
United States Magistrate Judge