# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LAWRENCE M. BICKEL, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO.: 1:08-CV-102-TLS |
| SHERIFF OF WHITLEY COUNTY ) (in his official capacity), ) ) | |
| Defendant. ) | |

## OPINION AND ORDER

In this class action litigation, Plaintiff Lawrence M. Bickel, on behalf of himself and others similarly situated, sued the Sheriff of Whitley County in his official capacity. Although the Defendant's liability has been established, this matter remains pending for approval of a proposed settlement, which has not yet been filed with the Court. Class Counsel seeks an interim award of fees in the amount of $274,444.75 and costs in the amount of $5,178.74 for work done and costs incurred through December 11, 2013. The Defendant does not object to Class Counsel's request for interim payment.

## BACKGROUND

On March 27, 2008, the Plaintiff filed his Complaint. The Plaintiff later sought to certify the class and to obtain judgment as a matter of law on the issue of whether the Defendant, in his official capacity, engaged in a practice, procedure, or custom that resulted in probable cause determinations to occur more than 48 hours after a warrantless arrest. Relying on the Supreme Court's decisions in *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) (holding that the Fourth

Amendment affords persons who are arrested without a warrant the right to a prompt judicial determination of probable cause "as a prerequisite to extended restraint of liberty following arrest"), and *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (holding that a "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest, will, as a general matter, comply with the promptness requirement of *Gerstein*"), the Court found that the Defendant's policy pertaining to confinement and detainment in the Whitley County Jail violated the Fourth Amendment as a matter of law. After the lawsuit was filed, the Defendant instituted a change in policy that was intended to address the deficiency in the existing procedures that had been exposed by the litigation, and to eliminate future violations. In April 2010, the Court certified a class and Class Counsel continued working to identify all members of the class and provide the appropriate notice. In November 2012, the Court issued a ruling on a dispute that had arisen between the parties concerning the compensable time of injury.

In December 2013, the parties participated in a settlement conference that concluded without resolution. Later that month, however, the Plaintiff filed a Notice of Resolution [ECF No. 174], advising that the case had settled for $725,000.00, inclusive of all attorneys' fees and costs, including costs of administration of the class action settlement.

**ANALYSIS**

A "prevailing party" is entitled to reasonable attorney fees in a civil rights action brought under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b). The presumption is that a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Dunning v. Simmons Airlines,*

*Inc.*, 62 F.3d 863, 872 (7th Cir. 1995). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. Class Counsel relies on the principle that a court has discretion to award interim attorney's fees even though litigation remains pending when the court has entered a concrete order that "determines substantial rights of the parties," meaning "when a party has prevailed on the merits of at least some of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 757–58 (1980).

However, this case also requires that the district court scrutinize and evaluate the proposed settlement, as it will affect the dismissal of a class action, to determine whether it is "fair, reasonable, and adequate." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 634 (7th Cir. 2011) (quoting Fed. R. Civ. P. 23(e)(2)). Courts are to "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002). In most cases, a court cannot make an informed judgment about the fairness, reasonableness, and adequacy of a class without assessing the likelihood and value to the class of the case's possible outcomes, referred to as the net expected value of the litigation. *See Williams*, 658 F.3d at 634 (citing *Synfuel Techs., Inc. v. DHL Exp. (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). A court must normally "weigh the value of the proposed settlement against the total amount that the class could recover, discounted by the weaknesses and risks inherent in the class' claims." *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 578 (N.D. Ill. 2011).

There is no question that the Plaintiff is a prevailing party in this litigation, and that Class Counsel has submitted documentation in support of their request under the lodestar method.

However, given the Court's obligations as it relates to class actions, the Court cannot approve an interim award of fees. Although this case was initiated under a statute with a fee shifting provision, it was settled with the creation of a common fund, and payment to Class Counsel will diminish the common fund. (*See* Notice of Resolution, ECF No. 174 (advising that the case had settled "for $725,000.00, inclusive of all attorneys' fees and costs, including costs of administration of the class action settlement"). Thus, the Court cannot consider Class Counsel's request in a vacuum, but must examine it in the broader context of the proposed class action settlement. Any award of fees necessarily will reduce the common fund, and reduce the benefits conferred on the class members, and may impact the Court's future duty to act as a "fiduciary of the class," *Reynolds*, 288 F.3d at 280. The Court is without any information regarding the net expected value of the litigation, and thus cannot know if the remainder of the fund—after the interim award and ongoing fees and costs— will confer a result that is fair, reasonable, and adequate. *See Reynolds*, 288 F.3d at 284–85 (noting that a settlement for less than the net expected value of continued litigation would not be adequate).

Moreover, Class Counsel has presented his request for interim fees using the lodestar method, but in common fund cases (even those initiated under a statute with a fee-shirting provision) the court retains discretion to whether to use a percentage of the fund or the lodestar to determine counsel's compensation. *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994). In exercising that discretion, the Seventh Circuit has "held repeatedly that, when deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th

Cir. 2001); *see also Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011) (approving methodology for determining fees where court "recognized that its task was to assign fees in accord with a hypothetical *ex ante* bargain; it weighed the available market evidence; and it assessed the amount of work involved, the risks of nonpayment, and the quality of representation") (internal citations omitted). The Court is not in a position, in this stage of the litigation, to make the necessary inquires and determinations regarding the appropriate fees to award Class Counsel.

Additionally, the Court is concerned that the procedures set forth in Federal Rule of Civil Procedure 23(h) have been overlooked. The Rule provides:

> (h) Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
>
> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (2) A class member, or a party from whom payment is sought, may object to the motion.
>
> (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).
>
> (4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

Fed. R. Civ. P. 23(h). Specifically, there is no indication that notice of the motion was directed to the class members in a reasonable manner.

**CONCLUSION**

For the reasons stated above, the Court DENIES Counsel's Verified Petition for Interim Award of Fees and Costs [ECF No. 172], and Plaintiff's Supplementation to Interim Request for Attorneys' Fees and Costs [ECF No. 177].

SO ORDERED on February 24, 2014.

                                                   s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT
                                                  FORT WAYNE DIVISION